**FILED & ENTERED**

**JAN 29 2020**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY egonzale DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>Ronald Alvin Neff<br><br><br><br>Debtor(s). | Case No.: 1:11-bk-22424-GM<br><br>CHAPTER 7<br><br>**MEMORANDUM DENYING CREDITOR'S MOTION FOR NEW TRIAL, TO AMEND/ALTER JUDGMENT AND FOR RELIEF FROM JUDGMENT/ORDER OF JANUARY 6, 2020**<br><br>Date:        March 24, 2020<br>Time:       10:00 a.m.<br>Courtroom:  303 |

    On January 6, 2020 the Court entered its order after the evidentiary hearing on the objection to enhanced homestead exemption. (dkt. 571, 572). Creditor Douglas DeNoce seeks a new trial on some of the issues. The Court will not repeat the background, which is laid out in the Memorandum of Opinion.

    Mr. DeNoce begins by setting out all of Debtor Ronald Neff's prior bad behavior and sanctions previously ordered against Mr. Kwasigroch, Neff's attorney. None of this is new information to the Court as DeNoce has previously presented it in various motions, oppositions, briefs, and arguments. Assuming that every statement is true –

-1-

and the Court dealt with some of this in the Memorandum of Opinion – that still does not lead to a different result in this case. Neff's criminal and disciplinary record are part of the evidence that was considered. His prior statements during his deposition were read into the record and were known to the Court. The critical issue here – as set out in the Memorandum of Opinion – is that DeNoce was required to present sufficient evidence to overcome the presumption that the granting of SSA disability means that Neff is entitled to the enhanced disability exemption under California law.

The thrust of this motion is that the Court should have allowed the full Meyers' Report and also allowed Mr. Meyers to testify as an expert and give an expert opinion on whether the Social Security Administration (SSA) properly determined that Neff was disabled within the meaning of the SSA disability standards.[1]

Most of the issues set forth by DeNoce were dealt with in full in the Memorandum of Opinion and will not be discussed further except to reference that document.

1. The Social Security Standards and Definition for 'Disability' were not applied to this case.

The major complaint here is that the Court did not apply the criteria presented in the Meyers' Report. The lack of SSA records prevented any analysis of the basis of the SSA decision. That absence was solely the fault of DeNoce and a portion of the Meyers' Report was not considered due to the lack of underlying documents and because his testimony was limited to the role that Dr. Bilik would have played.[2] Dr. Bilik, as a review psychiatrist, was limited to the area of a psychiatric evaluation. Although Meyers stated in his report that Bilik had access to the entire SSA file, there is nothing in the Bilik report that indicates that he actually reviewed the file or, if he did, that he considered the medical reports.[3] Bilik limited himself to reviewing the report of Dr. Goldsmith (now deceased) and did not give any independent analysis. Bilik also was

---

[1] The Meyers' Report was partially admitted into evidence as Ex. 35, 36.
[2] Dkt. 572, p. 6-8
[3] Ex. 35 describing the "Psychiatric Review Technique" used by Bilik in Ex. 19E.

not aware of the disciplinary proceedings against Neff and did not see the Dental Board Ruling.  Thus, Meyers was also prevented from access to this material.[4]

2. The Court gave DeNoce erroneous or false advice and then failed to allow him to properly present the evidence that he had developed.

This deals with the Court's instruction to use the subpoena process to obtain the testimony of Dr. Bilik, the SSA's review psychiatrist.  DeNoce argues that the Court should have allowed him to bring in any competent expert testimony in review of the Bilik and Goldsmith psychiatric reports., but instead did not allow Meyers to testify.

It is true that the Court was not aware of the prohibition on requiring an SSA consultant to testify, but this only slowed down the final hearings.  Drs Bilik and Goldsmith gave psychiatric analyses, which were admitted into evidence.[5]  DeNoce was allowed to hire his own psychiatrist to review their reports (a function that Meyers carried out even though he is not a psychiatrist or psychologist) and also he was allowed to hire a psychiatrist to do an independent examination of Neff.[6]   Beyond this, the psychiatric piece of the SSA's determination was not the complete area of information and neither Bilik nor Goldsmith were part of the analysis of physical disability.[7]

3. The Court is biased in favor of Neff.

DeNoce has raised this before.  He is of the opinion that because Judge Thompson was disturbed by the behavior of Neff and his attorney and because Judge Kaufman ruled in his favor (although this was reversed by the BAP), that any leeway given to his opponent or ruling against DeNoce shows bias by the Court.  This is not true.  The record stands for itself.[8]

---

[4] Dkt. 572, p. 7
[5] Ex. 110 (also marked as Ex. 19F) and Ex. 19E
[6] Dkt. 572, p. 5, 6.
[7] Dkt. 572, p. 7-8
[8] This is commented on in dkt. 572, p. 30-31 as well as in prior rulings by the Court.

## Ruling

Mr. DeNoce cites the relevant legal sections for determining a motion for new trial.  However, this motion does not meet any of those criteria:

Federal Rules of Civil Procedure 59 and 60 apply to bankruptcy cases (Fed.R.Bank.P. 9023, 9024).

Rule 59(a) provides:
(a) In General.
(1) *Grounds for New Trial.* The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
(B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
(2) *Further Action After a Nonjury Trial.* After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

Rule 60(b) provides:
On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Many cases have been decided one way or the other under these rules.  But first the Court needs to determine whether ANY grounds exist that can justify a new trial on any or all of the issues.

Rule 59 sets the procedural framework.  This motion was timely and thus the Court can proceed to act broadly if it finds grounds to review the evidence, extend the ability to offer new evidence, or reach a different result from that in the judgment.

Rule 60 puts forth five specific bases for relief and then contains a catch-all of "for any other reason that justifies relief."  This, of course, is the phrase with the most interpretation.  Subsections 60(a)(2),(4),and (5) do not apply in any fashion.

As to Rule 60(a)(1), the delays and lack of evidence were due to the actions of DeNoce.  His claim of being misled by the Court, as noted above, did not prevent him from undertaking the action needed to obtain admissible evidence.  His own destruction of the SSA records was a major preventative action.  His failure to hire his own psychiatrist was by choice.  His last-minute attempt to introduce the Meyers Report, which had no foundation due to the lack of the underlying records, was solely in his hands.

As to Rule 60(a)(3), the Court finds no misconduct by Neff or his counsel.  All prior real of alleged misbehavior is irrelevant.  The Court considered credibility and had all of the allegations of prior conduct before it.[9]  Neff produced everything requested and he was within his rights to refuse to sign a second waiver to the SSA.  The first waiver should have been sufficient and if it was incomplete, DeNoce was required to come to the Court at that time.  He chose not to and cannot put this on Neff.

As to Rule 60(a)(6), the Court finds no reason justifying relief in this case.  The discovery  and trial took years.  The issue of the lack of SSA records was discussed in the initial trial in 2017 and the memorandum of opinion in 2018. In fact, he now requests to be able to subpoena the custodian of records of the SSA in order to obtain the

---

[9] Dkt. 572, pp. 15, 30-31

complete file. However, this was pointed out as an option in the 2018 memorandum of opinion.[10]

In footnote 1, DeNoce asks that minimally the Court allow him to subpoena the doctor that Neff said he would call and produce and to subpoena the SSA records. The Court is not aware that Neff intended to call any further doctors. If there was such a doctor, DeNoce has had years to depose and subpoena him/her. The Court is not sure that the SSA records can be obtained by subpoena without Neff's consent. But if they can, this was an option given to Neff in 2018 and he chose not to take it. This is not grounds for a new trial.

> LBR 1001-1(e) "Procedure in Absence of Rule" provides as follows:
> (1) A matter not specifically covered by these Local Bankruptcy Rules may be determined, if possible, by parallel or analogy to the F.R.Civ.P., the FRBP or the Local Civil Rules.
> (2) If no parallel or analogy exists, then the court may proceed in any lawful manner not inconsistent with these Local Bankruptcy Rules and the FRBP.

While LBR 9013-1(j) specifies that the judge can determine to rule without oral argument, it deals to some extent with giving notice to the parties sufficiently before the scheduled hearing. CACD LR 7-15 provides in pertinent part "The Court may dispense with oral argument on any motion except where an oral hearing is required by statute, the F.R.Civ.P. or these Local Rules." Further, it is a waste of time of the parties and the court to allow for a response to the motion when the facts are within the specific knowledge of the Court. Similarly, there is no need for oral argument as the basis of the ruling is clear. Thus, the Court, having read and considered the papers filed in support

//
//
//
//
//
//
//

---

[10] Dkt. 386, p. 2 and p. 6

-6-

of this motion finds that the matter is appropriate for disposition without opposition or a hearing and that oral argument is not necessary.

The Court finds no basis to grant this motion and thus the motion will be denied.

###

Date: January 29, 2020

_____
Geraldine Mund
United States Bankruptcy Judge