FILED & ENTERED

AUG 04 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egonzale  DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Ronald Alvin Neff<br><br><br><br>                    Debtor(s). | Case No.: 1:11-bk-22424-GM<br><br>CHAPTER 7<br><br>**TENTATIVE RULING ADOPTED AS THE MEMORANDUM OF OPINION GRANTING STAY PENDING APPEAL**<br><br>Date:         August 4, 2020<br>Time:         10:00 AM<br>Courtroom: 303 |

THE FOLLOWING TENTATIVE RULING HAS BEEN ADOPTED AS THE MEMORANDUM OF OPINION GRANTING A STAY PENDING APPEAL:

DeNoce opposes the distribution and seeks a stay pending appeal of the January judgment and an order that the Trustee continue to hold the homestead funds until the appeal has been resolved.  Neff opposes this motion for a stay and supports the motion by the Trustee to distribute the remaining homestead amount.

<u>DeNoce Motion for a Stay of Execution</u>

DeNoce asserts that he has a high likelihood of success on the appeal, that he will suffer irreparable harm if the disputed homestead funds are released to the Debtor,

-1-

and that the stay will cause little harm to the Debtor.  The crux of the argument is that the BAP will "remand and allow Creditor to get the SSA records and to have expert Meyers review them."  If the funds are disbursed, there is no chance that DeNoce or the Estate will ever get any money since Neff will surely use it.  This is particularly true because of Neff's history of drug abuse, criminal conviction for fraud, a fraudulent transfer while in bankruptcy, and other conduct designed to cheat creditors.

DeNoce has contacted the BAP, which will allow him to file a motion to expedite an appeal and then it should be concluded in less than 45 days.  If this stay is granted, DeNoce will immediately file such a motion with the BAP.  All BAP briefing will be complete by the time that this motion is heard.

The standard for a stay is that the court should consider the following:

> Under [the traditional] standard, a court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987

*Nken v. Holder*, 556 U.S. 418, 425-6 (2009)

DeNoce then provides some 50+ pages of facts, assertions, and argument that the stay should be imposed and attaches his appellate brief as an exhibit.  Some of these arguments are largely set forth in his motion for new trial (dkt. 577)

The basic issue is that the Court did not allow admission of testimony of Mr. Meyers and that DeNoce was not allowed to obtain the SSA file through actions of the Court and of Neff.  Further, it is asserted that the Court did not find that Neff lacked credibility and did not find that Neff should not qualify for SSI benefits because he is a drug addict and therefore he must have lied on his SSA application.

DeNoce goes on to assert that there will be irreparable harm to him should he prevail on appeal (or presumably a retrial) because the source of recovery will be gone

by that time.  Because Neff recently received the $75,000 undisputed portion of his homestead exemption, he should be able to wait for the rest of the money.

Neff Opposition to Stay

Neff notes that granting of a stay is discretionary and that the party requesting the stay has the burden of showing that the circumstances justify it. *Nken v. Holder*, id. at 433-434

DeNoce has been given eight years and two trials to prove his case.  His appeal and motion are based on speculation of if the SSA record had been obtained, there might be proof to rebut the presumption of disability.  There is no reasonable chance of success on appeal.  Any hardship that DeNoce claims is overwhelmed by the delays and attorney fees incurred by the Debtor.

Alternatively, Neff requests a $200,000 bond be posted.

Reply to Opposition to Stay

The opposition does not deal with the issues raised in the motion for a stay.  This is a violation of LBR 9013-1(f)(2), which required a complete written statement of all of the reasons in the opposition.  It is insufficient just to say that there will be forthcoming extensive oral argument presented.  This would be an ambush and should not be allowed.

No evidence of irreparable harm is given, not even the Debtor's declaration.

The SSA record is key and the opposition downplays that.  And it does not address the Meyers issues, which alone should warrant a reversal or remand.

If the stay is not granted, DeNoce requests a 10 day period to have this motion for stay reviewed by the BAP.

On July 31, DeNoce filed a notice of Debtor's Default on Appeal, arguing that Neff appears to have no intent to participate in the appeal and has no standing to

request that a bond be posted. In short, the responsive brief was due on July 30 and was not filed and Neff has not filed any papers in the appeal. He goes on to argue that he cannot afford to pay for a bond and because he is likely to succeed on the appeal, a bond is not justified. Further, Neff has not followed the proper procedures to request a bond.

**ANALYSIS AND TENTATIVE RULING**

A stay pending appeal is initially presented to and determined by the bankruptcy court. F.R.B.P. 8005. The Ninth Circuit has described the requirements for a stay pending appeal as follows:

> There are four factors we consider when presented with a motion for a stay pending appeal:
>
> > (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies.
>
> *Golden Gate Restaurant v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)). We have recently explained that to satisfy steps (1) and (2), we will accept proof either that the applicant has shown "a *strong* likelihood of success on the merits [and] . . . a *possibility* of irreparable injury to the [applicant]," or "that *serious* legal questions are raised and that the balance of hardships tips *sharply* in its favor." *Id.* at 1115-16 (emphasis added; citations omitted). We have described these alternative formulations as "'two interrelated legal tests' that 'represent the outer reaches of a single

continuum.'" *Id.* at 1115 (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)).

<u>Stormans Inc. v. Selecky</u>, 526 F.3d 406, 408 (9th Cir. 2008) (emphasis in the original)

Although this preceded the 2009 case of *Nken*, that case did not change the law or process for a stay pending appeal.

### Did DeNoce make a strong showing that he is likely to succeed on the merits or has he raise serious legal questions?

This case has had many twists and turns – moving from judgment for DeNoce (under Judge Kaufman) to judgment for Neff (under me). While I am convinced that my decision was absolutely correct, there is a small possibility that an appellate court will disagree with that determination. So while DeNoce has not made a <u>strong</u> showing that he is likely to prevail through reversal or remand, it is not impossible that this will occur. As to the issue of "serious legal questions," a large part of DeNoce's appeal revolves around his inability to obtain and review the SSA file. Ultimately he could have or actually may have had access, but his own behavior prevented him from proceeding. As to the attempted testimony of Mr. Meyers, this is a question of basic evidentiary law and is doubtful as a serious legal question, but in the context of this case it might turn out to be one. However, this factor alone is not sufficient to grant the requested stay. But if the balance of hardships tips sharply in DeNoce's favor, It is enough to meet the minimum requirements for a stay.

### Will DeNoce be irreparably injured absent a stay?

There is a high likelihood that once the money is distributed to Neff, it will be used or otherwise made unavailable to the Estate. Neff has no substantial assets, is unable to work, and has various health issues. He has not shown any ability to refund the exemption if he loses and the Court is not aware of any ability to do so. Of course

this money would go back to the Estate, but DeNoce is a major creditor and is also entitled to a set distribution if he is the prevailing party on the enhanced exemption issue.

<u>Would the issuance of the stay substantially injure Neff?</u>

While the Court can assume that a further delay in obtaining this $100,000 would be at least an inconvenience to Neff, he has not put forth any argument or evidence of substantial injury.  The house in question is located on Lake Harbor Lane, Westlake Village.  The sale of this property closed in October 2012, but Debtor's motion to release the undisputed portion of the homestead exemption was not filed until April 2019 (dkt. 511), about 6 ½ years after the property was sold. The judgment in the trial was entered in January 2020 and the appeal was filed in February 2020.  Yet the Trustee did not file his motion to disburse the remaining money until July.  Whether Neff pushed for earlier action is unknown.

I have reviewed the BAP docket and spoken to a staff person at the BAP as to the expected timing of this appeal.  DeNoce's brief has been filed and Neff had until the end of July to file his (these dates are approximate).  Then DeNoce will have a few weeks to respond.  Assuming that there are no delays, it is expected that oral argument will take place in mid-October or mid-November 2020.  In general the BAP is very prompt on issuing its opinions and that should occur no later than early 2021.  Thus we are talking about a stay of approximately six months or even less.

While it might be inconvenient to Neff if there is a further delay in distribution, it does not appear that he will suffer a substantial injury.  Further, professionals (including and especially the Trustee's attorneys) have been paid a substantial amount in interim fees and any further diminution of the proceeds through time and fees will be easily recoverable from them.

<u>Where does the public interest lie?</u>

This is not an issue of public interest.

Should Neff prevail on appeal, DeNoce will certainly appeal to the Ninth Circuit. Should DeNoce prevail through reversal or remand, there will be no need for a stay. Because of the fairly short time-frame until oral argument and determination by the BAP, it is my intent to grant a stay. While I find that DeNoce has a very slim chance to prevail given the evidence before me in this motion, in its opposition, and in the history of this case, it is clear that the harm to DeNoce and the Estate is much greater than the harm to Neff. Reviewing the guidelines for a stay pending appeal, this motion barely meets the minimum requirements. But the balancing of harm is strongly in favor of DeNoce and that tips the scales in favor of granting the stay

While it is disturbing that Neff has not filed a timely response in the appeal - which was due on July 30 - that does not indicate that he will not be part of the appeal. Response times are not jurisdictional and the BAP has flexibility to deal with this.

As to a bond, I see no need for one. The fact that the Trustee is holding the money means that it is safe. The fact that Neff does not seems to need the money at this time or in the next few months also weighs against requiring DeNoce to post a bond.

However, I do not intend this stay to be indefinite nor do I wish to force the BAP judges to review the voluminous papers before them on some sort of shortened timeframe. Thus, I will grant a stay pending appeal. It will terminate ten days after the entry of the BAP opinion.

Date: August 4, 2020

###

Geraldine Mund
United States Bankruptcy Judge